# EXHIBIT A

A TRUE COPY
TESTE: [signature] CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA
By [signature]
12-20-10

CASE  10-C-1145        KANAWHA                              PAGE    1

ESTHER VIOLA ABRAMS, INDIVIDUA vs. JC PENNEY CREDIT SERVICES, INC

LINE  DATE      ACTION

1   06/24/10    # ISSUED SUM & 6 CPYS; F FEE; RCPT 459902; $145.00; CASE INFO
2               # SHEET; COMPLAINT W/EXH'S
3   07/09/10    # LET FR  SS DTD 7/7/10; SUM W/RET  (7/7/10 SS) AS TO NCO
4               # FINANCIAL SYSTEMS INC.,
5   07/09/10    # LET FR  SS DTD 7/7/10; SUM W/RET  (7/7/10 SS) AS TO GEN.
6               # ELECTRIC CO.
7   07/09/10    # LET FR  SS DTD 7/7/10; SUM W/RET  (7/7/10 SS) AS TO JC PENNEY
8               # CREDIT SERVICES INC.,
9   07/13/10    *E CERT AS TO NCO FINANCIAL SYSTEMS INC
10  07/13/10    *E CERT AS TO GENERAL ELECTRIC CO
11  07/21/10    # E-CERT FR SS AS TO JC PENNEY CREDIT SERVICE INC., DTD 7/13/10
12  10/14/10    <O>MAILED; 10/13/10; NCO; JC PENNEY CREDIT SERVICES; GENERAL
13              ELECTRIC CO; H BELL/CLE.
14  10/13/10    *O: SCHED CONF SET 11/30/10 @ 11/BLO
15  11/29/10    # COPY OF P'S MOT FOR LEAVE TO F 1ST AMD CLASS ACTION C & MOT
16              TO DIS D'S, JC PENNEY CREDIT SERVICES & GENERAL ELECTRIC CO.
17              # W/EXH'S & COS
18  11/29/10    <O>MAILED; 11/23/10; D THOMAS; M ALLTMONT; H BELL/CLE.
19  11/29/10    *O: ALLOW P TO F AMD C; DO AS TO JC PENNEY CREDIT SERV INC &
20              GENERAL ELECTRIC CO/BLO (S/11/24)

 CT Corporation

*Marc Hiu - GEMB/RCF JC Penney*

**Service of Process Transmittal**
07/09/2010
CT Log Number 516920269



RECEIVED JUL 1 3 2010 By _____

TO: Karen Selavka
General Electric Company
PO # 111-003702, Corp Legal Dept
3135 Easton Tnpk
Fairfield, CT 06431

RE: **Process Served in West Virginia**

FOR: General Electric Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Esther Viola Abrams, individually, and on behalf of all others similarly situated, Pltf. vs. JC Penney Credit Services, Inc., etc., etc., et al. including General Electric Company, Inc., etc., Dfts. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV Case # 10-C-1145 |
| **NATURE OF ACTION:** | Class action - Defendants committed unfair or deceptive acts or practices in trade or commerce in violation of W.V code in collecting the debt |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/09/2010 postmarked on 07/08/2010 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Harry F. Bell, Jr. The Bell Law Firm PLLC 30 Capitol Street Charleston, WV 25326-1723 304-345-1700 |
| **REMARKS:** | Kindly note that the papers were served on the secretary at the State Capitol of West Virginia on July 7, 2010 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790719533629 Image SOP Email Notification, Karen Selavka KAREN.SELAVKA@CORPORATE.GE.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Anthony Romano |
| **ADDRESS:** | 5400 D Big Tyler Road Charleston, WV 25313 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 2862 49



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 297952 |
| Defendant: | General Electric Company |

General Electric Company
C. T. Corporation System
5400 D Big Tyler Road
Charleston WV  25313

| | |
|---|---|
| Civil Action: | 7/7/2010 10-C-1145 |

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | _1_ summons and complaint |
| _____ notice | _____ answer | _____ summons returned from post office |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ no return from post office |
| _____ suggestions | _____ certified return receipt | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ suggestee execution |
| _____ original | _____ request for admissions | _____ Other |
| _____ subpeona duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process          in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly
to the court or the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA, WEST VIRGINIA.

ESTHER VIOLA ABRAMS, individually.
and on behalf of all others similarly situated,

       Plaintiff,

v.

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL
ELECTRIC COMPANY, INC., a New York
Corporation, and NCO FINANCIAL SYSTEMS, INC.,
A Pennsylvania Corporation

      Defendants.

CIVIL ACTION NO.: 10 - C - 1145
Honorable _____ Bloom

## SUMMONS

TO:    GENERAL ELECTRIC COMPANY
        3135 Easton Turnpike
        Fairfield, CT 06828

IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon, Plaintiff's attorney, Harry F. Bell, Jr. and The Bell Law Firm PLLC, whose address is Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your Answer to the Complaint within **30** days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _6/24/10_

              Cathy S Gatson
              Clerk of the Court
                    By Wood

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA

ESTHER VIOLA ABRAMS, individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

      CIVIL ACTION NO.: 10-C-1145

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL ELECTRIC
COMPANY, INC., a New York Corporation,
and NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

      Defendants.

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, Esther Viola Abrams, individually and on behalf of all others similarly situated (hereinafter referred to as "Class members" or "Class") and files this Class Action Complaint against Defendants, JC Penney Credit Services, Inc. ("JC Penney"), a Delaware corporation, General Electric Company, Inc. ("GE"), a New York Corporation, and NCO Financial Systems, Inc. ("NCO"), a Pennsylvania Corporation. Defendants illegally substituted Plaintiff as the debtor on her deceased husband's credit card without her consent instead of making a proper claim against his estate. Defendants repeatedly harassed Plaintiff to collect the false debt. Defendants also falsely reported to a credit reporting agency that Plaintiff has refused to pay a just debt. As a result, Defendants damaged Plaintiff's credit rating. Plaintiff and other class members have suffered embarrassment, anger, and humiliation because of the Defendant's practices.

## THE PARTIES

1.      Plaintiff, Esther Viola Abrams, is an individual residing in Raleigh County, West Virginia. At all times material hereto, Plaintiff was a "consumer" as defined in W. Va. Code § 46A-2-122(a) and W. Va. Code § 46A-6-102(2).

2.      This suit is properly maintainable as a class action under West Virginia Rule of Civil Procedure 23 because Defendants have authorized and/or adopted an official corporate policy and practice of illegal debt collection practices by systematically harassing Plaintiff and members of the Class throughout West Virginia to collect debts separately incurred by their deceased relatives and/or placing their name on the delinquent account of their deceased relatives without their consent. Upon information and belief, hundreds of West Virginians have been subjected to the unlawful practices in an effort by Defendants to illegally collect consumer debts.

3.      Defendant, JC Penney Credit Services, Inc. ("JC Penney"), is a corporation incorporated under the laws of the State of Delaware. JC Penney was a direct participant in the illegal debt collection practices that are the subject of this complaint. At all times material hereto, JC Penney was a "debt collector" as defined in W. Va. Code § 46A-2-122(d).

4.      Defendant, General Electric Company, Inc. ("GE"), is a corporation incorporated under the laws of the State of New York. GE Money, a unit of GE, is the issuer of the JC Penney Credit Card. GE Money provides credit card programs for consumers through national retailers and is the issuer of the JC Penney credit card. GE Money's Sales Finance unit is based in Kettering, Ohio. GE was a direct participant in the illegal debt collection practices that are the subject of this case. At all times material hereto, GE was a "debt collector" as defined in W. Va. Code § 46A-2-122(d).

2

5.     Defendant, NCO Financial Systems, Inc. ("NCO") is a corporation incorporated under the laws of Pennsylvania. Plaintiff's disputed debt was referred to NCO, a debt collection agency, by JC Penney and GE. At all times material hereto, NCO was and is a "debt collector" as defined in W. Va. Code § 46A-2-122(d).

## JURIDSDICTION AND VENUE

6.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

7.     The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the State of West Virginia.

8.     Venue properly lies before this Court pursuant to W. Va. Code § 56-1-1.

## CLASS ACTION ALLEGATIONS

9.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

10.    Pursuant to Rule 23(a) of the West Virginia Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and as the representative of the following proposed Class:

> All West Virginia consumers who have been held personally liable by JC Penney, GE, and/or NCO for the separately incurred debt of a deceased relative through one or more credit card accounts owned, issued, or serviced by JC Penney and/or GE.

11.    The Class is so numerous that joinder of all members into one action is impracticable. Although Plaintiff does not know the exact size of the Class since said information is in the exclusive control of JC Penney, GE, and NCO, based upon the nature

and scope of the activities involved herein, Plaintiff states that the members of the Class are numerous and are geographically dispersed throughout the state of West Virginia.

12.    Plaintiff will fairly and adequately represent the interests of the Class and have no interests that conflict with, or are antagonistic to, the interests of Class members. Plaintiff has retained attorneys competent and experienced in class action and complex civil litigation.

13.    Plaintiff's claims are typical of those of all members of the Class.  Plaintiff and all members of the Class were damaged by the same or similar conduct of JC Penney, GE, and NCO as complained of herein.

14.    Questions of law and fact arising out of Defendants' conduct are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class.  Common issues of law and fact include, but are not limited to, the following:

a.    Whether Defendants knowingly and repeatedly violated the West Virginia Consumer Credit Protection Act, W. Va. Code § 46A-1-101 et seq. ("WVCCPA");

b.    Whether Defendants negligently retained and supervised employees who failed to comply with the WVCCPA;

c.    Whether Defendants defamed the individual Class members' character by falsely publishing to credit reporting agencies that the individual Class members have refused to pay a just debt;

d.    Whether Defendants invaded the privacy of individual Class members by repeatedly making harassing phone calls to them to collect a false debt from them;

e.    Whether Defendants invaded the privacy of individual Class members by placing them in a false light before the potential creditors by publishing to their creditors that they have willfully refused to pay a just debt.

4

15.     Pursuant to Rule 23(a) of the West Virginia Rules of Civil Procedure a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that:

a.      Common questions of law and fact predominate over any individual questions that may arise, and significant economies of time, effort and expense will inure to the benefit of the court and the parties in litigating the common issues on a class-wide basis instead of a repetitive individual basis;

b.      Many Class members' individual damage claims are too small to make individual litigation an economically viable alternative, and few Class members have an interest in individually controlling the prosecution of a separate action;

c.      Despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

d.      Given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them;

e.      When the liability of Defendants is adjudicated, claims of all members of the Class can be determined by the Court; this action will facilitate the orderly and expeditious administration of the Class claims, economies of time, effort and expense will be fostered and uniformity of outcome will be ensured;

f.      Without a class action, the Class members will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the proceeds of their wrongful conduct; and

g.      No unusual difficulties are likely to be encountered in the management of this class action.

16.     In addition to class certification under Rule 23(b)(3) of the West Virginia Rules of Civil Procedure, class certification is appropriate also under Rule 23(b)(2) of the West Virginia Rules of Civil Procedure because Defendants have acted or refused to act on

5

grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

## SPECIFIC PARTY ALLEGATIONS

17.    Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

18.    Plaintiff's husband, Henry Abrams, died on August 1, 2008.

19.    Near the time of Mr. Abrams's death, Plaintiff, Esther Viola Abrams, received a billing statement for Mr. Abrams's JC Penney's card, account number 075-731-807-61, with a payment due date of August 15, 2008.  The billing statement showed Mr. Abrams's name as the only name on the account.  According to the billing statement, Mr. Abrams still owed a balance of $1,543.49 on the account.  The account had an annual percentage rate ("APR") of 21.99.  The minimum payment due was $77.00.  (See Billing Statement with August 15, 2008 due date, attached hereto as Exhibit A).

20.    Mrs. Abrams made an $81.00 payment online on August 5, 2008.

21.    Before the next billing statement could be sent, Mrs. Abrams called JC Penney and informed it that Mr. Abrams had died and that it should make a claim against his estate.  However, JC Penney continued to send monthly billing statements addressed to Mr. Abrams at their marital address.

22.    The second billing statement that Mrs. Abrams received had a payment due date of September 15, 2008.  Mr. Abrams's name was still the only name shown as being on the account.  Mr. Abrams's new balance was $1,490.99.  The APR shown was 21.99.  The minimum payment due was $74.00.  Mrs. Abrams did not make the $74.00 payment because she had already informed JC Penney that Mr. Abrams had died and that it should

make a claim against his estate. (See Billing Statement with September 15, 2008 due date, attached hereto as Exhibit B).

23.     In October of 2008, agents from JC Penney's Collection Department began to call Mrs. Abrams about the unpaid bill. One agent informed Mrs. Abrams that someone would be calling her about the bill every four days until it was paid. Mrs. Abrams then received numerous calls from JC Penny. These phone calls continued until February of 2009, when Mrs. Abrams's attorney sent a letter demanding that the phone calls stop. During these phone calls, Mrs. Abrams continued to explain to JC Penny's employees that Mr. Abrams had died and that she did not co-sign his credit card application. Mrs. Abrams continually requested a copy of Mr. Abrams's credit card application, which JC Penny never provided.

24.     In November of 2008, Mrs. Abrams received a written notice from JC Penney. The notice was addressed to Viola Abrams and stated that it was sent regarding her delinquent JC Penney credit card account. According to the notice, if Mrs. Abrams did not pay the minimum payment on the next billing statement, the account would be referred to a collection agency. (See Written Notice dated November 26, 2008, attached hereto as Exhibit C).

25.     The third billing statement that Mrs. Abrams received had a payment due date of December 9, 2008. Mr. Abram's name was still the only name shown as being on the account. The new balance rose from $1,490.99 to $1,678.22. The minimum payment due rose from $74.00 to $314.00. The past due amount was $231.00. A late fee of $29.00 was levied against the account on November 15, 2008. The APR rose from 21.99 to 26.99. Mrs. Abrams did not pay the minimum payment because this was not her account and JC

Penny should have made a claim against Mr. Abrams's estate. (See Billing Statement with December 9, 2008 due date, attached hereto as Exhibit D).

26.     On December 17, 2008, Mrs. Abrams faxed a copy of Mr. Abrams's death certificate to the Probate Department of JC Penney.  On the cover page, Mrs. Abrams pleaded with JC Penney to stop the harassment.  Mrs. Abrams also reiterated her request for a copy of Mr. Abrams's completed credit card application.  (See Fax Cover Sheet dated December 17, 2008, attached hereto as Exhibit E).

27.     In December of 2008, Mrs. Abrams received a letter from NCO stating that Mr. Abrams's account had been referred to it for collection.  The letter was addressed to Viola Abrams and stated that she owed $1,560 on the JC Penney Credit Card Account #: 6008890757318076.  (See NCO Letter dated December 18, 2008, attached hereto as Exhibit F).

28.     In January of 2009, Mrs. Abrams received a $15 birthday certificate from JC Penney for Mr. Abrams.  Mrs. Abrams was upset that JC Penney would send her deceased husband a "happy birthday" coupon after she had communicated to JC Penney's Probate Department on numerous occasions that her husband was dead, and even sent a copy of his death certificate. (See Henry Abrams's Birthday Card, attached hereto as Exhibit G).

29.     The fourth billing statement that Mrs. Abrams received had a payment due date of February 8, 2009.  Unlike all of the past statements, which showed Henry Abrams as the only name on the account, Viola Abrams was now being shown as the only name on account number 075-731-807-61.  The new balance on the account was $1,632.32, the minimum payment rose from $314.00 to $473.00, and the past due amount rose from $231.00 to $392.00.  A late fee of $35.00 was levied against the account on January 08, 2009.  The APR remained at 26.99.  Mrs. Abrams did not pay the minimum payment

because this was not her account. (See Billing Statement with February 8, 2009 due date, attached hereto as Exhibit H).

30.    In February of 2009, Macy's Department Store ("Macy's") sent Mrs. Abrams a letter informing her that the credit limit on her Macy's Options Visa Credit Card had been reduced. The letter stated that Mrs. Abrams limit was being reduced because of information that had recently been added to her credit report. Specifically, the credit report now stated that Mrs. Abrams had a delinquent account. Up to this point, Mrs. Abrams had always had a good or excellent credit rating. Mrs. Abram's credit rating has been harmed, which will force her to pay higher interest rates when obtaining credit in the future or prevent her from obtaining credit altogether. (See Macy's Letter dated February 5, 2009, attached hereto as Exhibit I).

31.    In February of 2009, JC Penney sent another written notice addressed to Mrs. Abrams. In this notice, JC Penney informed Mrs. Abrams of the following:

a.    It may file a lawsuit against her;

b.    If it retains an attorney, she may be liable for additional fees if permitted by state law;

c.    The account may be sold to a third party for collection; and

d.    Its collection agency would continue to harass her.

(See Written Notice dated February 18, 2008, attached hereto as Exhibit J).

32.    On February 23, 2009, Mrs. Abrams's attorney sent a letter to Defendants advising them that they should immediately cease and desist harassing Mrs. Abrams to collect a false debt from her. Mrs. Abrams's attorney also advised Defendants that any claims for the debt that was incurred by Mr. Abrams should be properly made against his estate. Mrs. Abrams's attorney also requested a copy of any documentation showing that

Mrs. Abrams consented to having any terms of credit extended to her under any JC Penney Credit Card account.  Defendants did not respond to the letter that was sent by Mrs. Abrams's attorney. (See Letter dated February 23, 2009, attached hereto as Exhibit K).

33.     The fifth billing statement that Mrs. Abrams received had a payment due date of March 11, 2009.  The billing statement continued to show Viola Abrams as the name on the account. The new balance on the account was $1,670.16, the minimum payment rose from $473.00 to $556.00, and the past due amount rose from $392.00 to $473.00.  The billing statement informed Mrs. Abrams that her account is in default.  The APR remained at 26.99.  Mrs. Abrams did not pay the minimum payment because this was not her account. (See Billing Statement with March 11, 2009 due date, attached hereto as Exhibit L).

34.     In May of 2009, Macy's reduced Mrs. Abrams's credit limit on her Macy's card once again. (See Macy's letter dated May 5, 2009, attached hereto as Exhibit M).  In June, Macy's sent her another letter.  This time the letter informed her that Macy's would be cancelling her Macy's Options Visa Credit Card.  The reason for the cancellation was the "serious delinquency" shown on Mrs. Abrams's credit report. Macy's informed the Plaintiff that she would not be receiving a new card when her current card expired on June 30, 2009 (See Macy's letter dated June 4, 2009, attached hereto as Exhibit N).

## COUNT I
## UNLAWFUL DEBT COLLECTION

35.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

36.     Defendants have repeatedly engaged in the following violations of the WVCCPA, which include, but are not limited to,

(a)     misrepresenting to Plaintiff and Class members that they have a just claim against them for a debt incurred by a deceased relative in violation of W. Va. Code § 46A-2-127;

(b)     making harassing phone calls to Plaintiff and Class members to obtain payment for a debt that Plaintiff and Class members do not owe in violation of W. Va. Code § 46A-2-125(d);

(c) communicating with a consumer whenever it appears that the consumer is represented by an attorney in violation of W. Va. Code §46A-2-128(e)

(d)     disclosing, publicizing, or communicating information relating to indebtedness to any relative or family member of a consumer not living with the debtor in violation of W. Va. Code §46A-2-126(b)

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages;

(b)     Civil penalties of $4,375 for each violation under W. Va. Code §§ 46A-5-101(1) and 106;

(c)     Reasonable attorney's fees and the costs of this litigation; and

(d)     Such other relief as the Court deems equitable and just.

COUNT II
UNFAIR OR DECEPTIVE ACTS OR PRACTICES

37.    Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

38.    Defendants committed unfair or deceptive acts or practices in trade or commerce in violation of W. Va. Code §§ 46A-6-102 & 104.

39.    Defendants committed the act, use or employment of deception, fraud, false pretense, false promise, or misrepresentation.

40.    Defendants misrepresented to Plaintiff that she is personally liable for paying her deceased husband's debt.

41.    Defendants misrepresented to Plaintiff and class members that their name was properly substituted as the debtor on her deceased husband's delinquent credit card account.

42.    Defendants failed to provide Plaintiff with proof that she had co-signed her deceased husband's credit card application.

43.    Defendants continued to attempt to collect the disputed debt even after it failed to provide Plaintiff with proof that she had agreed to incur the debt.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)    Actual damages;

(b)    Civil penalties of $4,375 for each violation under W. Va. Code §§

46A-5-101(1) & 106;

(c)     Reasonable attorney's fees and the costs of this litigation; and

(d)     Such other relief as the Court deems equitable and just.

## COUNT III
## NEGLIGENCE

44.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

45.     Defendants negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCPA.

46.     Defendants had an affirmative duty to train, supervise, monitor, or otherwise control its employees to ensure that their actions would not violate applicable state law.

47.     Defendant's employees and/or agents violated applicable state law by using unfair or deceptive acts or practices in debt collection.

48.     Plaintiff and class member have suffered damages as a result of the actions of the Defendant and/or Defendant's employees or agents.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages;

(b)     Reasonable attorney's fees and the costs of this litigation; and

(c)     Such other relief as the Court deems equitable and just.

## COUNT IV
## DEFAMATION

49.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

50.     Defendants falsely published to at least one credit reporting agency that Plaintiff has a delinquent account with them.

51.     Up to the time that Defendants reported the disputed delinquency, Plaintiff had a good or excellent credit rating.

52.     Defendants' communications to the credit reporting agency are not privileged.

53.     Defendants were at least negligent in reporting this information to the credit reporting agency.

54.     Defendants' statements have harmed Plaintiff's credit rating, which has increased the cost and decreased the availability of credit to Plaintiff.

55.     One credit card company has already refused to reissue a credit card to Plaintiff because of Defendants' statements.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages, including damages for harm to Plaintiff's credit;

(b)     Punitive damages;

(c)     Reasonable attorney's fees and the costs of this litigation; and

(d)     Such other relief as the Court deems equitable and just.

14

## COUNT V
## INVASION OF PRIVACY

56.    Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

57.    Defendants have unreasonably intruded upon the seclusion of Plaintiff by making harassing phone calls to her at least once every four days for several months within the privacy of her home.

58.    Defendants also unreasonably placed Plaintiff in a false light before potential creditors by publishing to her creditors that she has willfully refused to pay a just debt.

WHEREFORE, Plaintiff respectfully requests the following relief:

      (a)    Actual damages, including damages for harm to Plaintiff's credit;

      (b)    Punitive damages;

      (c)    Reasonable attorney's fees and the costs of this litigation; and

      (d)    Such other relief as the Court deems equitable and just.

WHEREFORE, Plaintiff additionally requests that this Court take the following actions and award the following relief:

1.  That this action be certified as a class action on behalf of the proposed Class and that Plaintiff be designated as representative of the Class;

2.  That this Court grant a permanent injunction against Defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions described herein;

3. That this Court award Plaintiff and all Class members damages of which the individual recoveries does not exceed $75,000 for Plaintiff or any member of the Class, inclusive of interest and attorney's fees and all relief of any nature sought herein, and;

4. That this Court award Plaintiff and all Class members all attorney's fees and costs incurred in the prosecution of this action, not to exceed $75,000 for Plaintiff and each Class member, inclusive of any other damages awarded to each named Plaintiff and Class member.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, individually,
and on behalf of all others similarly situated,
By Counsel

Harry F. Bell, Jr., Esquire (WV Bar No. 297)
THE BELL LAW FIRM, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715 Facsimile

16



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305

9171 9237 9000 1000 2862 5841

FILED
2010 JUL 08  PM 2: 13
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

|  |  |
|---|---|
| ControlNumber: | 297953 |
| Defendant: | NCO Financial Systems, Inc. |
|  | 7/7/2010 |
| Civil Action: | 10-C-1145 |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV  25301-2500

I am enclosing:

| | | |
|---|---|---|
| _____ summons | _____ affidavit | __1__ summons and complaint |
| _____ notice | _____ answer | _____ summons returned from post office |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ no return from post office |
| _____ suggestions | _____ certified return receipt | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ suggestee execution |
| _____ original | _____ request for admissions | _____ Other |
| _____ subpoena duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process            in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly
to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA.

FILED

ESTHER VIOLA ABRAMS, individually.
and on behalf of all others similarly situated,

2010 JUL -9 PM 2: 13

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

       Plaintiff,

v.

CIVIL ACTION NO.: 10-C-1145
Honorable _____Bloom_____

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL
ELECTRIC COMPANY, INC., a New York
Corporation, and NCO FINANCIAL SYSTEMS, INC.,
A Pennsylvania Corporation

       Defendants.

## SUMMONS

TO:    NCO Financial Systems, Inc.
       507 Prudential Road
       Horsham, PA 19044

IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon, Plaintiff's attorney, Harry F. Bell, Jr., and The Bell Law Firm PLLC, whose address is Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true cop

      You are requir

service of this Summc

so, judgment by defa

Complaint and you w

claim you have which r

Dated: 6 24 1

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305





9171 9237 9000 1000 2862 49



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

|  |  |
|---|---|
| ControlNumber: | 297952 |
| Defendant: | General Electric Company |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV 25301-2500

|  |  |
|---|---|
|  | 7/7/2010 |
| Civil Action: | 10-C-1145 |

I am enclosing:

|  |  |  |
|---|---|---|
| _____ summons | _____ affidavit | _1_ summons and complaint |
| _____ notice | _____ answer | _____ summons returned from post office |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ no return from post office |
| _____ suggestions | _____ certified return receipt | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ suggestee execution |
| _____ original | _____ request for admissions | _____ Other |
| _____ subpeona duces tecum |  |  |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process               in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly
to the court or the plaintiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Natalie E Tennant

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA, WEST VIRGINIA.

ESTHER VIOLA ABRAMS, individually.
and on behalf of all others similarly situated,

     Plaintiff,

v.                                 CIVIL ACTION NO.: 10-C-9145
                                    Honorable _____ Bloom

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL
ELECTRIC COMPANY, INC., a New York
Corporation, and NCO FINANCIAL SYSTEMS, INC.,
A Pennsylvania Corporation

     Defendants.

### SUMMONS

     TO:     GENERAL ELECTRIC COMPANY
               3135 Easton Turnpike
               Fairfield, CT 06828

IN THE NAME OF THE STATE OF WEST VIRGINIA,

     You are hereby summoned and required to serve upon, Plaintiff's attorney, Harry F. Bell, Jr. and The Bell Law Firm PLLC, whose address is Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

     You are required to serve your Answer to the Complaint within 30 days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: 6/24/10 _____

                             Cathy S Gatson
                             Clerk of the Court
                                   By awood

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 2862 32



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 297951 |
| Defendant: | JC Penney Credit Services, Inc. |

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston WV  25301-2500

| | |
|---|---|
| | 7/7/2010 |
| Civil Action: | 10-C-1145 |

I am enclosing:

| | | | |
|---|---|---|---|
| \_\_\_\_ summons | \_\_\_\_ affidavit | _1_ summons and complaint |
| \_\_\_\_ notice | \_\_\_\_ answer | \_\_\_\_ summons returned from post office |
| \_\_\_\_ order | \_\_\_\_ cross-claim | \_\_\_\_ summons and amended complaint |
| \_\_\_\_ petition | \_\_\_\_ counterclaim | \_\_\_\_ 3rd party summons and complaint |
| \_\_\_\_ motion | \_\_\_\_ request | \_\_\_\_ no return from post office |
| \_\_\_\_ suggestions | \_\_\_\_ certified return receipt | \_\_\_\_ notice of mechanic's lien |
| \_\_\_\_ interrogatories | \_\_\_\_ request for production | \_\_\_\_ suggestee execution |
| \_\_\_\_ original | \_\_\_\_ request for admissions | \_\_\_\_ Other |
| \_\_\_\_ subpeona duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process          in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact.  Please address any questions about this document directly
to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E Tennant

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ESTHER VIOLA ABRAMS, individually.
and on behalf of all others similarly situated,

       Plaintiff,

v.

                                                CIVIL ACTION NO.: _10-C-1145_

                                                 Honorable _Bloom_

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL
ELECTRIC COMPANY, INC., a New York
Corporation, and NCO FINANCIAL SYSTEMS, INC.,
A Pennsylvania Corporation

       Defendants.

## SUMMONS

TO:    JC Penney Credit Services, Inc.
         1209 Orange Street
         Wilmington, DE 19801

IN THE NAME OF THE STATE OF WEST VIRGINIA,

      You are hereby summoned and required to serve upon, Plaintiff's attorney, Harry F. Bell, Jr., and The Bell Law Firm PLLC, whose address is Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your Answer to the Complaint within <u>30</u> days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Dated: _6/24/10_

                                    Cathy S. Gatson
                                    Clerk of the Court
                                                 By Clerk

10-C-1145

**Allen, Linda**

| From: | Process@wvsos.com [Process@wvsos.com] | **Sent:** Tue 7/13/2010 11:46 AM |
|---|---|---|
| To: | sop_delivered@wvsos.com | |
| Cc: | | |
| Subject: | Case # 10-C-1145 Return Receipt Notification From WV Secretary of State's Office | |
| Attachments: | | |

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

NCO FINANCIAL SYSTEMS, INC.
C. T. CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON, WV 25313

The letter was sent on 7/7/2010

Civil Action Number: 10-C-1145
Restricted: N
Certified Number : 9171923790001000286256

This information supplied from Pitney Bowes Distribution Solutions





**UNITED STATES POSTAL SERVICE.**

Date Produced: 07/12/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0028 6256. Our records indicate that this item was delivered on 07/09/2010 at 11:30 a.m. in CHARLESTON, WV, 25313. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721

10-C-1145

FILED

2010 JUL 13 PM 4:45

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**Allen, Linda**

| | | | |
|---|---|---|---|
| **From:** | Process@wvsos.com [Process@wvsos.com] | **Sent:** | Tue 7/13/2010 11:45 AM |
| **To:** | sop_delivered@wvsos.com | | |
| **Cc:** | | | |
| **Subject:** | Case # 10-C-1145 Return Receipt Notification From WV Secretary of State's Office | | |
| **Attachments:** | | | |

** THIS IS AN AUTOMATED E-MAIL MESSAGE. **
** If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. **

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

GENERAL ELECTRIC COMPANY
C. T. CORPORATION SYSTEM
5400 D BIG TYLER ROAD
CHARLESTON, WV 25313

The letter was sent on 7/7/2010

Civil Action Number: 10-C-1145
Restricted: N
Certified Number : 91719237900010000286249

This information supplied from Pitney Bowes Distribution Solutions




**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 07/12/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010 0028 6249. Our records indicate that this item was delivered on 07/09/2010 at 11:30 a.m. in CHARLESTON, WV, 25313. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 3418879 47695721



10-C-1145

FILED

2010 JUL 21   AM 11: 44

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**Barnett, Carlye**

| | | | |
|---|---|---|---|
| **From:** | Process@wvsos.com [Process@wvsos.com] | **Sent:** | Wed 7/21/2010 11:34 AM |
| **To:** | sop_delivered@wvsos.com | | |
| **Cc:** | | | |
| **Subject:** | Case # 10-C-1145 Return Receipt Notification From WV Secretary of State's Office | | |
| **Attachments:** | | | |

\*\* THIS IS AN AUTOMATED E-MAIL MESSAGE. \*\*
\*\* If you received this message in error, please notify the WV Secretary of State's Office by replying to this message. \*\*

This notification is sent to alert you that a return receipt has been received.
Please find the return receipt in the body of this message below.

To :

JC PENNEY CREDIT SERVICES, INC.
1209 ORANGE STREET
WILMINGTON, DE 19801

The letter was sent on 7/7/2010

Civil Action Number: 10-C-1145
Restricted: N
Certified Number : 91719237900010002862232

This information supplied from Pitney Bowes Distribution Solutions





**UNITED STATES
POSTAL SERVICE.**

Date Produced: 07/19/2010

WV SECRETARY OF STATE

The following is the delivery information for Certified Mail™ item number 7192 3790 0010
0028 6232. Our records indicate that this item was delivered on 07/13/2010 at 07:12 a.m. in
WILMINGTON, DE, 19801. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs.  If you require additional
assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service.  It is solely for customer use.

Customer Reference Number: 3418879 47695721



## SESSIONS FISHMAN NATHAN & ISRAEL L.L.C.
### ATTORNEYS AT LAW

MICHAEL D. ALLTMONT
Direct: (504) 846-7954
malltmont@sessions-law.biz

December 9, 2010

VIA U.S. MAIL

Harry F. Bell, Jr. Esq.
The Bell Law Firm, PLLC
P.O. Box 1723
Charleston, WV 25326-1723

    Re:   *Esther Viola Abrams, et al. v. JC Penney Credit Services, Inc., et al.*
           **Kanawha County Circuit Ct, Case No. 10-c-1145**

Dear Harry:

    Enclosed please find the signed "Verification of Acceptance of Service" on behalf of NCO Financial Systems, Inc. for Plaintiff's First Amended Complaint.

    If you should have any questions, do not hesitate to contact me.

Very truly yours,

Michael D. Alltmont

MDA:ct
Enclosure

cc:    David B. Thomas, Esq.

\\sfnfs02\prolawdocs\6947\6947-2625\\abrams, esther viola\297603.doc

Lakeway Two   Suite 200   3850 North Causeway Boulevard   Metairie, Louisiana   70002-7227
(504) 828-3700   (504) 828-3737 F   www.sessions-law.com

CALIFORNIA ▪ COLORADO ▪ FLORIDA ▪ ILLINOIS ▪ LOUISIANA ▪ NEW JERSEY ▪ NEW YORK ▪ TEXAS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ESTHER VIOLA ABRAMS, individually,
and on behalf of all others similarly situated,
      Plaintiffs,

vs.                                            Civil Action No.: 10-C-1145

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL ELECTRIC
COMPANY, INC., a New York Corporation,
and NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,
      Defendants.

### VERIFICATION OF ACCEPTANCE OF SERVICE

STATE OF LOUISIANA

PARISH OF JEFFERSON, to- wit:

    I, Michael Alltmont, Esquire, counsel for the Defendant, NCO Financial

Systems, Inc., after being duly sworn, hereby verify I have accepted service of

Plaintiff's First Amended Complaint and respective Summons, on behalf of

Defendant NCO Financial Systems, Inc. as set forth in the case caption

hereinabove on this the 9th day of December 2010.

                                       _____

                                       Michael Alltmont, Esquire

Taken, subscribed and sworn to before me this 9th day of December 2010.
My commission expires: For Life

                                     NOTARY PUBLIC

BRYAN C. SHARTLE
NOTARY PUBLIC - LSBA NO. 27640
PARISH OF ORLEANS
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**ESTHER VIOLA ABRAMS, Individually, and on
behalf of all others similarly situated,**
  Plaintiff(s),

**vs.**                                              Civil Action No. 10-C-1145
                                                     **Judge Louis H. Bloom**

**JC PENNEY CREDIT SERVICES, INC.,**
**a Delaware Corporation, GENERAL ELECTRIC**
**COMPANY, INC., a New York Corporation,**
**and NCO FINANCIAL SYSTEMS, INC.,**
**a Pennsylvania Corporation,**
  **Defendant(s ).**

<u>ORDER</u>

WHEREAS, Rule 16(b) of the West Virginia Rules of Civil Procedure require that a

scheduling order be entered setting forth time limits for the performance of certain acts; and

WHEREAS, from a review of the above-captioned file it appears that no scheduling

order as required by Rule 16 (b) has been entered; and

WHEREAS, the Court deems it necessary to set this matter down for a scheduling

conference for the purpose of entering a scheduling order;

The Court does HEREBY ORDER that unless the parties can present to the Court an

agreed upon scheduling order (trial and pre-trial dates must be obtained from the Court

Secretary)  in the form enclosed herein, before the date of the scheduling conference, this matter

shall be set down for a scheduling conference in the Courtroom of Louis H. Bloom, Judge, on

November 30, 2010 at 11:00 a.m.

The Court does hereby FURTHER ORDER that a certified copy of this Order be sent to

all parties or counsel of record.  Any objection or exception to this Order by any party is hereby

preserved.

ENTERED this _13_ day of October, 2010.

Judge Louis H. Bloom

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ESTHER VIOLA ABRAMS, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.                                           CIVIL ACTION NO.: 10-C-1145
                                           Honorable Louis H. Bloom

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL ELECTRIC
COMPANY, INC., a New York Corporation,
and NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

        Defendants.

### PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO DISMISS DEFENDANTS, JC PENNEY CREDIT SERVICES, INC. AND GENERAL ELECTRIC COMPANY, INC.

      Please take notice that undersigned counsel for ESTHER VIOLA ABRAMS, individually and on behalf of all others similarly situated, pursuant to Rule 15 of the West Virginia Rules of Civil Procedure, moves this Court for the entry of an Order granting leave to file and serve the Amended Complaint, which is attached as Exhibit A to this Motion. The Plaintiff included in her original Complaint Defendant JC Penney Credit Services, Inc., a Delaware Corporation, which Plaintiff subsequently discovered no longer exists, and General Electric Company, Inc., a New York Corporation, who is not a proper party, and therefore both parties should be dismissed from this matter. The Plaintiff did not originally include in the Complaint JC Penney Company, Inc. or GE Money Bank ("GEMB"), who is the issuer of the JC Penney Card and wishes to amend the Complaint to include these two additional entities as Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court grant her leave to file her First Amended Complaint and dismiss Defendant JC Penney Credit Services, Inc. as a party from this matter.

ESTHER VIOLA ABRAMS, individually, and on behalf of all others similarly situated,

_____
Harry F. Bell, Jr., Esq. (WV State Bar # 297)
Jonathan W. Price, Esq. (WV State Bar # 10868)
THE BELL LAW FIRM, PLLC
Post Office Box 1723
Charleston, West Virginia 25326
(304) 345-1700 office
(304) 344-1956 facsimile

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ESTHER VIOLA ABRAMS, individually,
and on behalf of all others similarly situated,

       Plaintiff,

v.

                                       CIVIL ACTION NO.: 10-C-1145
                                       Honorable Louis H. Bloom

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL ELECTRIC
COMPANY, INC., a New York Corporation,
and NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

       Defendants.

<u>CERTIFICATE OF SERVICE</u>

      I, Jonathan W. Price, Esquire, counsel for Plaintiffs, hereby certify that I served a true and exact copy the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT AND MOTION TO DISMISS DEFENDANTS, JC PENNEY CREDIT SERVICES, INC. AND GENERAL ELECTRIC COMPANY, INC.** upon counsel of record by U. S. Mail, as set forth below, on this the 24th day of November, 2010.

Michael Alltmont, Esq.
3850 N. Causeway Blvd., Suite 200
Metairie, LA  70002-7227
*Counsel for Defendant NCO Financial Systems, Inc.*

David B. Thomas, Esq.
Allen, Gurthrie & Thomas, PLLC
Laidley Tower, Suite 800
500 Lee Street, East
P.O. Box 3394
Charleston, WV  25333-3394
*Counsel for Defendant JC Penney
Company, Inc. and GE Money Bank*


_____
Jonathan W. Price, Esquire



IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA

ESTHER VIOLA ABRAMS, individually,
and on behalf of all others similarly situated,

        Plaintiff,

v.                                  CIVIL ACTION NO.: 10-C-1145
                                      Honorable Louis H. Bloom

JC PENNEY COMPANY, INC.,
a Texas Corporation, GE MONEY BANK,
a Federally Chartered Savings Bank domiciled
in Utah, and NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

        Defendants.

### FIRST AMENDED CLASS ACTION COMPLAINT

Now comes the Plaintiff, Esther Viola Abrams, individually and on behalf of all others

similarly situated (hereinafter referred to as "Class members" or "Class") and files this Class

Action Complaint against Defendants, JC Penney Company, Inc. ("JC Penney"), a Texas

corporation, GE Money Bank ("GEMB"), a Federally Chartered Savings Bank domiciled in

Utah, and NCO Financial Systems, Inc. ("NCO"), a Pennsylvania Corporation.  Defendants

illegally substituted Plaintiff as the debtor on her deceased husband's credit card without

her consent instead of making a proper claim against his estate.  Defendants repeatedly

harassed Plaintiff to collect the false debt.  Defendants also falsely reported to a credit

reporting agency that Plaintiff has refused to pay a just debt.  As a result, Defendants

damaged Plaintiff's credit rating. Plaintiff and other class members have suffered

embarrassment, anger, and humiliation because of the Defendant's practices.

<u>THE PARTIES</u>

1.      Plaintiff, Esther Viola Abrams, is an individual residing in Raleigh County, West Virginia.  At all times material hereto, Plaintiff was a "consumer" as defined in W. Va. Code § 46A-2-122(a) and W. Va. Code § 46A-6-102(2).

2.      This suit is properly maintainable as a class action under West Virginia Rule of Civil Procedure 23 because Defendants have authorized and/or adopted an official corporate policy and practice of illegal debt collection practices by systematically harassing Plaintiff and members of the Class throughout West Virginia to collect debts separately incurred by their deceased relatives and/or placing their names on the delinquent account of their deceased relatives without Plaintiff and Class Members' consent.  Upon information and belief, hundreds of West Virginians have been subjected to these unlawful practices in an effort by Defendants to illegally collect consumer debts.

3.      Defendant, JC Penney Company, Inc. ("JC Penney"), is a corporation incorporated under the laws of the State of Texas.  JC Penney was a direct participant in the illegal debt collection practices that are the subject of this Complaint.  At all times material hereto, JC Penney was a "debt collector" as defined in W. Va. Code § 46A-2-122(d).

4.      Defendant, GE Money Bank ("GEMB") is a corporation incorporated under the laws of the State of Connecticut.  GE Money Bank is the issuer of the JC Penney Credit Card. GE Money provides credit card programs for consumers through national retailers and is the issuer of the JC Penney credit card.  GE Money's Sales Finance unit is based in Kettering, Ohio.  GE was a direct participant in the illegal debt collection practices that are the subject of this case.  At all times material hereto, GE was a "debt collector" as defined in W. Va. Code § 46A-2-122(d).

2

6.     Defendant, NCO Financial Systems, Inc. ("NCO") is a corporation incorporated under the laws of Pennsylvania.   Plaintiff's disputed debt was referred to NCO, a debt collection agency, by JC Penney and GE.   At all times material hereto, NCO was and is a "debt collector" as defined in W. Va. Code § 46A-2-122(d).

## JURIDSDICTION AND VENUE

7.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

8.     The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the State of West Virginia.

9.     Venue properly lies before this Court pursuant to W. Va. Code § 56-1-1.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

11.     Pursuant to Rule 23(a) of the West Virginia Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and as the representative of the following proposed Class:

> All West Virginia consumers who have been held personally liable by JC Penney, GEMB, and/or NCO for the separately incurred debt of a deceased relative through one or more credit card accounts owned, issued, or serviced by JC Penney and/or GE.

12.     The Class is so numerous that joinder of all members into one action is impracticable.   Although Plaintiff does not know the exact size of the Class since said information is in the exclusive control of JC Penney, GEMB, and NCO, based upon the nature

3

and scope of the activities involved herein, Plaintiff states that the members of the Class are numerous and are geographically dispersed throughout the State of West Virginia.

13.     Plaintiff will fairly and adequately represent the interests of the Class and have no interests that conflict with, or are antagonistic to, the interests of Class members. Plaintiff has retained attorneys competent and experienced in class action and complex civil litigation.

14.     Plaintiff's claims are typical of those of all members of the Class.  Plaintiff and all members of the Class were damaged by the same or similar conduct of JC Penney, GEMB, and NCO as complained of herein.

15.     Questions of law and fact arising out of Defendants' conduct are common to all members of the Class, and such common issues of law and fact predominate over any questions affecting only individual members of the Class.  Common issues of law and fact include, but are not limited to, the following:

a.     Whether Defendants knowingly and repeatedly violated the West Virginia Consumer Credit Protection Act, W. Va. Code § 46A-1-101 et seq. ("WVCCPA");

b.     Whether Defendants negligently retained and supervised employees who failed to comply with the WVCCPA;

c.     Whether Defendants defamed the individual Class members' character by falsely publishing to credit reporting agencies that the individual Class members have refused to pay a just debt;

d.     Whether Defendants invaded the privacy of individual Class members by repeatedly making harassing phone calls to them to collect a false debt from them;

e.     Whether Defendants invaded the privacy of individual Class members by placing them in a false light before the potential creditors by publishing to their creditors that they have willfully refused to pay a just debt.

4

16.    Pursuant to Rule 23(a) of the West Virginia Rules of Civil Procedure, a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein, given that:

a.    Common questions of law and fact predominate over any individual questions that may arise, and significant economies of time, effort and expense will inure to the benefit of the court and the parties in litigating the common issues on a class-wide basis instead of a repetitive individual basis;

b.    Many Class members' individual damage claims are too small to make individual litigation an economically viable alternative, and few Class members have an interest in individually controlling the prosecution of a separate action;

c.    Despite the relatively small size of many individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation;

d.    Given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendants committed against them;

e.    When the liability of Defendants is adjudicated, claims of all members of the Class can be determined by the Court; this action will facilitate the orderly and expeditious administration of the Class claims, economies of time, effort and expense will be fostered and uniformity of outcome will be ensured;

f.    Without a class action, the Class members will continue to suffer damages and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the proceeds of their wrongful conduct; and

g.    No unusual difficulties are likely to be encountered in the management of this class action.

17.    In addition to class certification under Rule 23(b)(3) of the West Virginia Rules of Civil Procedure, class certification is appropriate also under Rule 23(b)(2) of the West Virginia Rules of Civil Procedure because Defendants have acted or refused to act on

5

grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

## SPECIFIC PARTY ALLEGATIONS

18.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

19.     Plaintiff's husband, Henry Abrams, died on August 1, 2008.

20.     Near the time of Mr. Abrams' death, Plaintiff, Esther Viola Abrams, received a billing statement for Mr. Abrams' JC Penney card, account number 075-731-807-61, with a payment due date of August 15, 2008. The billing statement showed Mr. Abrams' name as the only name on the account. According to the billing statement, Mr. Abrams still owed a balance of $1,543.49 on the account. The account had an annual percentage rate ("APR") of 21.99. The minimum payment due was $77.00. (See Billing Statement with August 15, 2008 due date, attached hereto as Exhibit A).

21.     Mrs. Abrams made an $81.00 payment online on August 5, 2008.

22.     Before the next billing statement could be sent, Mrs. Abrams called JC Penney and informed it that Mr. Abrams had died and that it should make a claim against his estate. However, JC Penney continued to send monthly billing statements addressed to Mr. Abrams at their marital address.

23.     The second billing statement that Mrs. Abrams received had a payment due date of September 15, 2008. Mr. Abrams' name was still the only name shown as being on the account. Mr. Abrams' new balance was $1,490.99. The APR shown was 21.99. The minimum payment due was $74.00. Mrs. Abrams did not make the $74.00 payment because she had already informed JC Penney that Mr. Abrams had died and that it should

make a claim against his estate. (See Billing Statement with September 15, 2008 due date, attached hereto as Exhibit B).

24.    In October of 2008, agents from JC Penney's Collection Department began to call Mrs. Abrams about the unpaid bill. One agent informed Mrs. Abrams that someone would be calling her about the bill every four days until it was paid. Mrs. Abrams then received numerous calls from JC Penney. These phone calls continued until February of 2009, when Mrs. Abrams' attorney sent a letter demanding that the phone calls stop. During these phone calls, Mrs. Abrams continued to explain to JC Penney's employees that Mr. Abrams had died and that she did not co-sign his credit card application. Mrs. Abrams continually requested a copy of Mr. Abrams' credit card application, which JC Penney never provided.

25.    In November of 2008, Mrs. Abrams received a written notice from JC Penney. The notice was addressed to Viola Abrams and stated that it was sent regarding her delinquent JC Penney credit card account. According to the notice, if Mrs. Abrams did not pay the minimum payment on the next billing statement, the account would be referred to a collection agency. (See Written Notice dated November 26, 2008, attached hereto as Exhibit C).

26.    The third billing statement that Mrs. Abrams received had a payment due date of December 9, 2008. Mr. Abrams' name was still the only name shown as being on the account. The new balance rose from $1,490.99 to $1,678.22. The minimum payment due rose from $74.00 to $314.00. The past due amount was $231.00. A late fee of $29.00 was levied against the account on November 15, 2008. The APR rose from 21.99 to 26.99. Mrs. Abrams did not pay the minimum payment because this was not her account and JC

Penney should have made a claim against Mr. Abrams' estate. (See Billing Statement with December 9, 2008 due date, attached hereto as Exhibit D).

27.    On December 17, 2008, Mrs. Abrams faxed a copy of Mr. Abrams' death certificate to the Probate Department of JC Penney. On the cover page, Mrs. Abrams pleaded with JC Penney to stop the harassment. Mrs. Abrams also reiterated her request for a copy of Mr. Abrams' completed credit card application. (See Fax Cover Sheet dated December 17, 2008, attached hereto as Exhibit E).

28.    In December of 2008, Mrs. Abrams received a letter from NCO stating that Mr. Abrams' account had been referred to it for collection. The letter was addressed to Viola Abrams and stated that she owed $1,560.00 on the JC Penney Credit Card Account #: 6008890757318076. (See NCO Letter dated December 18, 2008, attached hereto as Exhibit F).

29.    In January of 2009, Mrs. Abrams received a $15 birthday certificate from JC Penney for Mr. Abrams. Mrs. Abrams was upset that JC Penney would send her deceased husband a "happy birthday" coupon after she had communicated to JC Penney's Probate Department on numerous occasions that her husband was dead, and even sent a copy of his death certificate. (See Henry Abrams' Birthday Card, attached hereto as Exhibit G).

30.    The fourth billing statement that Mrs. Abrams received had a payment due date of February 8, 2009. Unlike all of the past statements, which showed Henry Abrams as the only name on the account, Viola Abrams was now being shown as the only name on account number 075-731-807-61. The new balance on the account was $1,632.32, the minimum payment rose from $314.00 to $473.00, and the past due amount rose from $231.00 to $392.00. A late fee of $35.00 was levied against the account on January 08, 2009. The APR remained at 26.99. Mrs. Abrams did not pay the minimum payment

because this was not her account.  (See Billing Statement with February 8, 2009 due date, attached hereto as Exhibit H).

31.    In February of 2009, Macy's Department Store ("Macy's") sent Mrs. Abrams a letter informing her that the credit limit on her Macy's Options Visa Credit Card had been reduced.  The letter stated that Mrs. Abrams limit was being reduced because of information that had recently been added to her credit report.  Specifically, the credit report now stated that Mrs. Abrams had a delinquent account.  Up to this point, Mrs. Abrams had always had a good or excellent credit rating.  Mrs. Abrams' credit rating has been harmed, which will force her to pay higher interest rates when obtaining credit in the future or prevent her from obtaining credit altogether.  (See Macy's Letter dated February 5, 2009, attached hereto as Exhibit I).

32.    In February of 2009, JC Penney sent another written notice addressed to Mrs. Abrams.  In this notice, JC Penney informed Mrs. Abrams of the following:

a.    It may file a lawsuit against her;

b.    If it retains an attorney, she may be liable for additional fees if permitted by state law;

c.    The account may be sold to a third party for collection; and

d.    Its collection agency would continue to harass her.

(See Written Notice dated February 18, 2008, attached hereto as Exhibit J).

33.    On February 23, 2009, Mrs. Abrams' attorney sent a letter to Defendants advising them that they should immediately cease and desist harassing Mrs. Abrams to collect a false debt from her.  Mrs. Abrams' attorney also advised Defendants that any claims for the debt that was incurred by Mr. Abrams should be properly made against his estate.  Mrs. Abrams' attorney also requested a copy of any documentation showing that

Mrs. Abrams consented to having any terms of credit extended to her under any JC Penney Credit Card account. Defendants did not respond to the letter that was sent by Mrs. Abrams' attorney. (See Letter dated February 23, 2009, attached hereto as Exhibit K).

34.    The fifth billing statement that Mrs. Abrams received had a payment due date of March 11, 2009. The billing statement continued to show Viola Abrams as the name on the account. The new balance on the account was $1,670.16, the minimum payment rose from $473.00 to $556.00, and the past due amount rose from $392.00 to $473.00. The billing statement informed Mrs. Abrams that her account is in default. The APR remained at 26.99. Mrs. Abrams did not pay the minimum payment because this was not her account. (See Billing Statement with March 11, 2009 due date, attached hereto as Exhibit L).

35.    In May of 2009, Macy's reduced Mrs. Abrams' credit limit on her Macy's card once again. (See Macy's letter dated May 5, 2009, attached hereto as Exhibit M). In June, Macy's sent her another letter. This time the letter informed her that Macy's would be cancelling her Macy's Options Visa Credit Card. The reason for the cancellation was the "serious delinquency" shown on Mrs. Abrams' credit report. Macy's informed the Plaintiff that she would not be receiving a new card when her current card expired on June 30, 2009 (See Macy's letter dated June 4, 2009, attached hereto as Exhibit N).

COUNT I
UNLAWFUL DEBT COLLECTION

36.    Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

37.    Defendants have repeatedly engaged in the following violations of the WVCCPA, which include, but are not limited to,

(a)   misrepresenting to Plaintiff and Class members that they have a just claim against them for a debt incurred by a deceased relative in violation of W. Va. Code § 46A-2-127;

(b)   making harassing phone calls to Plaintiff and Class members to obtain payment for a debt that Plaintiff and Class members do not owe in violation of W. Va. Code § 46A-2-125(d);

(c) communicating with a consumer whenever it appears that the consumer is represented by an attorney in violation of W. Va. Code §46A-2-128(e)

(d)   disclosing, publicizing, or communicating information relating to indebtedness to any relative or family member of a consumer not living with the debtor in violation of W. Va. Code §46A-2-126(b)

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)   Actual damages;

(b)   Civil penalties of $4,375 for each violation under W. Va. Code §§ 46A-5-101(1) and 106;

(c)   Reasonable attorney's fees and the costs of this litigation; and

(d)   Such other relief as the Court deems equitable and just

## COUNT II
## UNFAIR OR DECEPTIVE ACTS OR PRACTICES

38.   Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

39.   Defendants committed unfair or deceptive acts or practices in trade or commerce in violation of W. Va. Code §§ 46A-6-102 & 104.

11

40. Defendants committed the act, use or employment of deception, fraud, false pretense, false promise, or misrepresentation.

41. Defendants misrepresented to Plaintiff that she is personally liable for paying her deceased husband's debt.

42. Defendants misrepresented to Plaintiff and class members that their name was properly substituted as the debtor on her deceased husband's delinquent credit card account.

43. Defendants failed to provide Plaintiff with proof that she had co-signed her deceased husband's credit card application.

44. Defendants continued to attempt to collect the disputed debt even after it failed to provide Plaintiff with proof that she had agreed to incur the debt.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a) Actual damages;

(b) Civil penalties of $4,375 for each violation under W. Va. Code §§ 46A-5-101(1) & 106;

(c) Reasonable attorney's fees and the costs of this litigation; and

(d) Such other relief as the Court deems equitable and just.

## COUNT III
## NEGLIGENCE

45. Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

46. Defendants negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCPA.

47.     Defendants had an affirmative duty to train, supervise, monitor, or otherwise control its employees to ensure that their actions would not violate applicable state law.

48.     Defendant's employees and/or agents violated applicable state law by using unfair or deceptive acts or practices in debt collection.

49.     Plaintiff and class member have suffered damages as a result of the actions of the Defendant and/or Defendant's employees or agents.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages;

(b)     Reasonable attorney's fees and the costs of this litigation; and

(c)     Such other relief as the Court deems equitable and just.

## COUNT IV
## DEFAMATION

50.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

51.     Defendants falsely published to at least one credit reporting agency that Plaintiff has a delinquent account with them.

52.     Up to the time that Defendants reported the disputed delinquency, Plaintiff had a good or excellent credit rating.

53.     Defendants' communications to the credit reporting agency are not privileged.

54.     Defendants were at least negligent in reporting this information to the credit reporting agency.

55.     Defendants' statements have harmed Plaintiff's credit rating, which has increased the cost and decreased the availability of credit to Plaintiff.

56.     One credit card company has already refused to reissue a credit card to Plaintiff because of Defendants' statements.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages, including damages for harm to Plaintiff's credit;

(b)     Punitive damages;

(c)     Reasonable attorney's fees and the costs of this litigation; and

(d)     Such other relief as the Court deems equitable and just.


## COUNT V
## INVASION OF PRIVACY

57.     Plaintiff incorporates by reference the allegations stated in all preceding paragraphs as if fully set forth herein.

58.     Defendants have unreasonably intruded upon the seclusion of Plaintiff by making harassing phone calls to her at least once every four days for several months within the privacy of her home.

59.     Defendants also unreasonably placed Plaintiff in a false light before potential creditors by publishing to her creditors that she has willfully refused to pay a just debt.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     Actual damages, including damages for harm to Plaintiff's credit;

(b)     Punitive damages;

(c)     Reasonable attorney's fees and the costs of this litigation; and

(d)     Such other relief as the Court deems equitable and just.

WHEREFORE, Plaintiff additionally requests that this Court take the following actions and award the following relief:

1. That this action be certified as a class action on behalf of the proposed Class and that Plaintiff be designated as representative of the Class;

2. That this Court grant a permanent injunction against Defendants forbidding them from hereinafter undertaking the unlawful actions and/or omissions described herein;

3. That this Court award Plaintiff and all Class members damages of which the individual recoveries does not exceed $75,000 for Plaintiff or any member of the Class, inclusive of interest and attorney's fees and all relief of any nature sought herein, and;

4. That this Court award Plaintiff and all Class members all attorney's fees and costs incurred in the prosecution of this action, not to exceed $75,000 for Plaintiff and each Class member, inclusive of any other damages awarded to each named Plaintiff and Class member.

THE PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, ESTHER VIOLA ABRAMS, individually, and on behalf of all others similarly situated, By Counsel

Harry F. Bell, Jr., Esquire (WV Bar No. 297)
Jonathan W. Price, Esquire (WV Bar No. 10868)
THE BELL LAW FIRM, PLLC
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
(304) 345-1700
(304) 345-1715  Facsimile

15

02/18/2009   17:50   304-252-8122                   GREEN1 ABRAM                        PAGE   09/15

## ACCOUNT SUMMARY

| | | |
|---|---|---|
| Account Number | 075-731-807-6 | |
| Previous Balance | $1,594.51 | |
| (-) Payments & Credits | $80.00 | |
| (+) Charges | $0.00 | |
| (+) FINANCE CHARGES (NET) | $28.98 | |
| New Balance | $1,543.49 | |

| | |
|---|---|
| Minimum Payment Due | $77.00 |
| Payment Due Date | 08/15/08 |
| Credit Limit | $6,700.00 |
| Available Credit | $5,155.00 |
| Billing Date | 07/16/08 |
| Days in Billing Period | 30 |

JCPenney
jcp.com

PAGE 01 OF 01 For account information Call: 1-800-527-0681  Write: P.O. BOX 981131 El PASO, TX 79998  Online: jcp.com

## TRANSACTION SUMMARY

| Tran Date | Reference Number | ✓ | Balance Type | Item Description | Charge | Payments & Credits |
|---|---|---|---|---|---|---|
| 07-15 | PS1190GJM00XTNW4L | | PAYMENT - THANK YOU | | | 80.00 |

## FINANCE CHARGE

| BALANCE TYPE | COMPUTED ON AVERAGE DAILY BALANCE | PERIODIC RATE(S)% | CORRESPONDING ANNUAL PERCENTAGE RATE(S) % |
|---|---|---|---|
| REGULAR | E | 1503.18 | .06025 daily | 21.99 |

↳ Your Balance Computation Method is indicated above. See reverse side for an explanation.

| ANNUAL PERCENTAGE RATE FOR THIS BILLING PERIOD | 21.990 % | TOTAL PERIODIC FINANCE CHARGE | 28.98 |
|---|---|---|---|

*EVERYBODY DESERVES A CUSTOM FIT, JCPENNEY.COM MADE IT EASY AND AFFORDABLE. INTRODUCING JCPENNEY CUSTOM-TAILORED CLOTHING. SELECT SHIRT-PANT FEATURES, COLOR AND FABRIC, ENTER YOUR PERSONAL MEASUREMENTS AND SOON RECEIVE CUSTOM-FIT CLOTHING MADE SPECIFICALLY FOR YOU. YES, WE HAVE MEN'S BIG & TALL SIZES, WOMEN'S SIZES TOO. EXCLUSIVELY AT JCPENNEY.COM/CUSTOM*

*JCPENNEY PRIVILEGE GOLD UPDATE:
YOUR 2008 JCPENNEY PRIVILEGE GOLD CARD
PURCHASES ARE $11.66
$500 IN JCPENNEY CARD PURCHASES AND TWO VISITS FROM
1/1/08-12/31/08 RE-QUALIFIES YOU FOR JCPENNEY PRIVILEGE GOLD
BENEFITS THROUGH DEC 31, 2009.*

Please note your mailed payment must be received by 5PM or your in-store payment must be received during store hours on the due date. Your payment may be converted into an electronic debit. See reverse for details.

PLEASE DETACH AND RETURN THIS STUB WITH YOUR PAYMENT TO GENB

SEND ME A FREE MEN'S BIG & TALL
CATALOG, FEATURING CASUAL & CAREER
WEAR IN REGULAR, TALL & BIG SIZES.
( )                              (6229)
CHECK BOX ABOVE, LOG ON OR CALL
1-800-222-6161 ORDER TA006-2299FA

| Payment Due Date | Minimum Payment Due | New Balance | Account Number |
|---|---|---|---|
| 08/15/2008 | $77.00 | $1,543.49 | 075-731-807-01 |

FILL IN
TOTAL PAID   $ ☐☐☐☐☐ . ☐☐

HENRY ABRAMS
504 PINEWOOD DR
BECKLEY WV 25801-2411

13199

P.O. BOX 960090
ORLANDO, FL 32896-0090

00077000008000  000770000154349  000600889  0757318  07610



Henry Abrams

**Birthday Reward Certificate**

**$15 off**

one store, jcp.com or catalog purchase of $15
or more during your birthday month when you use your
JCPenney Privilege® Gold Card!

See back for details

**EXHIBIT**



happy birthday

is for you to celebrate

TODAY'S THE DAY to celebrate

$25 Birthday Reward certificate valid for one time use on a purchase of $15 or more, excluding taxes, from Thursday, January 1- Saturday, January 31, 2009, when you use your JCPenney Card. Certificate must be surrendered at time of purchase. One certificate per customer. Reward certificate can be combined with other in-store savings offers. Discount does not apply to purchases of Sephora inside JCPenney, jcp.com/Sephora, Telefiora, Jccac Catalogs, Outlet Stores, Services, Salon Service & Service Contracts, Shipping /Handling charges, Gift Card/e-Gift cards, current orders or prior purchases. Discount is applied to all qualifying merchandise on a prorated basis; any refunds will be given in the applicable prorated amount. Certificate may not be used for payment on account. Certificate cannot be replaced or redeemed as cash if merchandise credit if merchandise is returned. No Cash Value. Subject to credit approval.
REPRODUCTIONS WILL NOT BE ACCEPTED

▶ To save at jcp.com enter code BDAYJAN when prompted at checkout, or call 1.800.222.6161 and mention the code.

When prompted, your exclusive, non-transferable VALIDATION CODE is 800272759

Selling Floor Associates, Please:
☑ Scan Barcode at the Transaction Adjustment Screen
☑ Complete transaction in the normal manner
☑ Collect coupon

MC4455330009000000008015

58&P GRFA1B1 105531.01 30009670.1 UE-8

2008-BDAY-GOLD-EN1 (REV 6/08)

02/18/2009   17:50   304-252-8122                    GREEN1 ABRAM                                    PAGE  12/15

## ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Account Number | 075-731-807-5 | Minimum Payment Due | $475.00 |
| Previous Balance | $1,560.90 | Past Due | $392.00 |
| (-) Payments & Credits | $0.00 | Payment Due Date | 02/08/09 |
| (+) Charges | $35.00 | Credit Limit | $1,811.00 |
| (+) FINANCE CHARGES (NET) | $36.42 | Available Credit | |
| New Balance | $1,632.32 | Billing Date | 01/16/09 |
| | | Days in Billing Period | 31 |

JCPenney
jcp.com

PAGE 01 OF 01 For account information Call: 1-800-527-3300 Write: P.O. BOX 981131 EL PASO, TX 79998 Online: jcp.com

### TRANSACTION SUMMARY

| Tran Date | Reference Number | | Balance Type | Item Description | Charges | Payments & Credits |
|---|---|---|---|---|---|---|
| 01-08 | | | | LATE FEE | 35.00 | |

### FINANCE CHARGES

| BALANCE TYPE | | COMPUTED ON AVERAGE DAILY BALANCE | PERIODIC RATE(S)% | CORRESPONDING ANNUAL PERCENTAGE RATE(S) % |
|---|---|---|---|---|
| REGULAR | E | 1588.53 | .07395 daily | 26.99 |

Your Balance Computation Method is indicated above. See reverse side for an explanation.

| ANNUAL PERCENTAGE RATE FOR THIS BILLING PERIOD | 26.990 % | TOTAL PERIODIC FINANCE CHARGE | 36.42 |
|---|---|---|---|

Please note your mailed payment must be received by 5PM (ET) or your in-store payment must be received during store hours on the due date. Your payment may be converted into an electronic debit. See reverse for details.

PLEASE DETACH AND RETURN THIS STUB WITH YOUR PAYMENT TO GEMB

Minimum payment due includes
$392.00 past due.
Please pay the past due amount PROMPTLY

| Past Due Amount | Payment Due Date | Minimum Payment Due | New Balance | Account Number |
|---|---|---|---|---|
| $392.00 | 02/08/2009 | $475.00 | $1,632.32 | 075-731-807-51 |

FILL IN
TOTAL PAID  $  [ ] [ ] [ ] [ ] . [ ] [ ]

VIOLA ABRAMS
504 PINEWOOD DR
BECKLEY WV 25801-2411

341581

P.O. BOX 960090
ORLANDO, FL 32896-0090

00473000008100  004730000163232   000600889   0757316 07610

06/30/2009  17:00   304-252-8122          GREEN1 ABRAM                        PAGE  05/27

P.O.  BOX 8113
MASON, OH 45040

REF/ACCT# XXXXXXXXXXXX2110
Feb 5, 2009

Esther V Abrams                               001354
504 Pinewood Dr
Beckley, WV 25801-2411

Dear Esther V Abrams:

We are writing to let you know that your Macy's Options Visa credit limit has been
reduced.   Your new limit will appear on your next VISA statement.

Our credit decision was based in whole or in part on information obtained in a report
from the consumer reporting agency listed below.  The consumer reporting agency did n
make this decision and is unable to give you specific reasons why we took this action
Under the Fair Credit Reporting Act you have the right to obtain a free copy of your
at the consumer reporting agency within 60 days after your receipt of this letter and
also have the right to dispute the accuracy or completeness of any such information b
contacting the consumer reporting agency at:

EXPERIAN CONSUMER ASSISTANCE
P.O.  BOX 2002
ALLEN, TX 75013-0036
(888) 397-3742

The factor(s) which most significantly affected our decision is (are) as follows:

Time Since Delinquency Is Too Recent Or Unknown
Ratio Of Balance To Limit On Bank Revolving Or Other Rev Accts Too High
Low Rate Of Payment On Account
High Outstanding Balance
We value you as a customer and look forward to continuing to meet your shopping needs
Please contact us at 1-866-202-2592 if any of your information has changed and we wou
be happy to re-evaluate your credit limit.

Sincerely,

Macy's Options Visa Customer Service Center
TA001 F1

The Macy's Options Visa card is issued by Department Stores National Bank.
*Please see reverse side for important information.



02/24/2009  14:00   304-252-8122          GREEN1 ABRAM                PAGE  02/04

# The JCPenney Card

PO BOX 981131
EL PASO, TX 79998-1131

February 18, 2009

VIOLA ABRAMS
504 PINEWOOD DR
BECKLEY WV 25801-2411

RE:  JCPenney
     Amount Due as of February 09 2009: $556.00

## IMPORTANT NOTICE

### This is a notice regarding your delinquent account.

If we do not receive payment of $562.00 by your due date your account will charge off. We will consider all
options permitted by applicable law to pursue collection of this debt.

This will result in one of the following options:

- We may file a lawsuit against you.

- If we retain an attorney, you may be liable for additional fees if permitted under your state law.

- Your account may be sold to a third party for collection, or

- A collection agency will continue efforts to secure the debt owed.

Contact NCO Financial Systems, INC., the collection agency handling your account, at 1-877-337-2433
immediately upon receipt of this letter to resolve the issue. You may qualify for a special payment plan, however,
you must respond by your next payment due date.

Sincerely,

GE MONEY BANK
Collection Department

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by GE MONEY BANK - Member FDIC



$433 9119 E700 5888 C8163 9049 FHB086235

**Bell&Bands** PLLC

*Attorneys at Law*

Harry F. Bell, Jr.

William L. Bands

Andrew L. Paternostro

Erin L. Winter

Jonathan W. Price

Arthur J. Chmiel, Of Counsel

30 Capitol Street

P.O. Box 1723

Charleston, WV 25326-1723

Sender: hfbell@belllaw.com

Phone        304/345-1700

Facsimile    304/345-1715

Facsimile2   304/344-1956

www.belllaw.com

February 23, 2009

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
The JC Penny Card
Post Office Box 981131
El Paso, Texas 79998-1131

91 7108 2133 3936 3496 8161

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
G E Money/JC Penny Credit Card
Post Office Box 960001
Orlando, Florida 32896-0001

91 7108 2133 3936 3496 8178

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
NCO Financial Systems, Inc.
Post Office Box 4906
Dept. 64
Trenton, New Jersey 08650

91 7108 2133 3936 3496 8185

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
NCO Financial Systems, Inc.
4740 Baxter Road
Virginia Beach, Virginia 23462

91 7108 2133 3936 3496 8192

RE:    Viola Abrams
       504 Pinewood Drive
       Beckley, WV 25801

Dear Sir/Madam:

Please be advised that I represented Viola Abrams at the above address and would ask you to immediately cease and desist harassment attempts to falsely collect a debt from her.

My understanding is that her late husband, Henry Abrams had a JC Penny credit card. Mr. Abrams died on August 1, 2008. Any claims on that outstanding balance he might have owed JC Penny at the time should have been properly made to Mr. Abrams estate.



## Bell&Bands PLLC

The JC Penny Card
G E Money/JC Penny Credit Card
NCO Financial Systems, Inc.
February 24, 2009
Page 2

Upon request of representatives of your institutions, she provided verification of the death by way of a copy of the Death Certificate. Following that, it is our understanding that someone within various organizations apparently has falsified documents and records to adjust the account to reflect my client's name on the same.

I would specifically request a copy of any credit card application or any other such documentation which would show that my client applied for and agreed to any terms of credit being extended on a separate JC Penny credit card account.

Claims that you might have against the late Mr. Abrams' estate should of course be properly presented in the appropriate fashion. Mrs. Abrams is continuing to receive harassing telephone calls and communications now suggesting the debt has been adjusted and modified to be hers.

Please be advised that unless this is immediately corrected with full and complete disclosure, including corrections upon Mrs. Abrams' credit report with all credit reporting agencies, it will be our intent to file suit for all appropriate damages applicable under federal and state laws.

Very truly yours,

Harry F. Bell, Jr.

HFBjr/sld
cc:    Client

02/24/2009   14:08    304-252-8122         GREEN1  ABRAM                      PAGE  03/04

| Previous Balance | $1,632.32 | Minimum Payment Due | $558.00 |
|---|---|---|---|
| (-)  Payments & Credits | $0.00 | Past Due | $473.00 |
| (+)  Charges | $0.00 | Payment Due Date | 03/11/09 |
| (+)  FINANCE CHARGES (NET) | $37.84 | Credit Limit | $1,811.00 |
| New Balance | $1,670.16 | Available Credit | |
| | | Billing Date | 02/16/09 |
| | | Days in Billing Period | 31 |

Account Number: 075-731-007-61

JCPenney
jcp.com

PAGE 01 OF 01 For account information Call: 1-800-527-2369 Write: P.O. BOX 961131 EL PASO, TX 79998 Online: jcp.com

| Tran Date | Reference Number | Balance Type | Item Description | Charges | Payments & Credits |
|---|---|---|---|---|---|

Your account is in default. Pursuant to your Account Agreement, if we
do not receive sufficient payment by the due date above, we will
terminate any financing promotion(s) on your account and seek
immediate payment of your entire account balance. Please contact us
at 1-800-945-6596 for the amount you must pay to avoid this.

| BALANCE TYPE | | COMPUTED ON AVERAGE DAILY BALANCE | PERIODIC RATE(S)% | CORRESPONDING ANNUAL PERCENTAGE RATE(S) % |
|---|---|---|---|---|
| REGULAR | E | 1692.55 | .07325 daily | 26.80 |

b— Your Balance Computation Method is indicated above. See reverse side for an explanation.

| ANNUAL PERCENTAGE RATE FOR THIS BILLING PERIOD | 26.880 % | TOTAL PERIODIC FINANCE CHARGE | 37.84 |
|---|---|---|---|

Please note your mailed payment must be received by 5PM (ET) or your in-store payment must be received during store hours on
the due date. Your payment may be converted into an electronic debit. See reverse for details.

PLEASE DETACH AND RETURN THIS STUB WITH YOUR PAYMENT TO CEMD

Minimum payment due includes
$473.00 past due.
Please pay the past due amount PROMPTLY

| $473.00 | 03/11/2009 | $558.00 | $1,670.16 | 075-731-007-61 |
|---|---|---|---|---|

FILL IN
TOTAL PAID  $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐

VIOLA ABRAMS
504 PINEWOOD DR
BECKLEY WV 25801-2411

13001

P.O. BOX 960090
ORLANDO, FL 32896-0090

00556000008100 005560000167016 000600889 0757318 07610

5433 0064 T9D    1    7 16 890236    EX Page 1 of 1    810 9129 8708 D365    13003

EXHIBIT

02/24/2009   14:00   384-252-8122                 GREEN1  ABRAM                        PAGE   04/04

The More You Shop, The More Privileges You Earn

*A back of the bill*

**JCPenney Privilege® Gold Card**
- 2 JCPenney Privilege Savings Certificates
- Special Birthday Savings Certificate

**JCPenney Privilege® Platinum Card**
- ID Theft Protection*
- Catalog/Internet Free Shipping Events**

Please visit jcp.com/credit to learn more about the JCPenney Privilege® Program

†JCPenney Privilege®: Earn a JCPenney Privilege Gold Card by spending $500 plus ($1,000 plus for a JCPenney Privilege Platinum Card) on merchandise or services on a JCPenney Card over 2 or more unique shopping days in a calendar year. If your account is not in good standing and/or you no longer meet our credit criteria, you may be ineligible for the JCPenney Privilege Program ("Program") and/or unable to take advantage of Program promotions. The Program is available only to residents of the contiguous 48 U.S., PR and AK. We reserve the right to change or cancel the Program or any or all its benefits at any time without notice.

*ID Theft Protection: Insurance provided by member companies of American International Group, Inc. Call 1-800-527-7717 to learn more and receive a summary description of this benefit. The Expense Reimbursement portion of this benefit is not available to residents of NY.

**Free Shipping: Not available to residents of AK and PR. See offer(s) for other restrictions and full details.

***Fraud Protection: You will not be held liable in the event of unauthorized use. You agree that unauthorized use does not include use by a person whom you have authorized to use the Account or Card and that you are liable for all use by such person.

**Billing Rights Summary** - In case of Errors or Questions About Your Bill: If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us on a separate sheet at our Billing Inquiry Address, P.O. Box 981402, El Paso, TX 79998-1402, as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information: • Your name and account number • The dollar amount of the suspected error • Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**Special Rule for Credit Card Purchases:** If you have a problem with the quality of property or services that you purchased with a credit card and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. There are two limitations on this right:

(a) You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address; and
(b) The purchase price must have been more than $50.

These limitations do not apply if you own or operate the merchant or if we mailed you the advertisement for the property or services.

**Information About Payments:** You must pay at least the Total Minimum Payment by 5:00 p.m. (ET) on the Payment Due Date shown on the Statement. You may pay more than the Total Minimum Payment at any time. Any Payments received after 5:00 p.m. (ET) on any business day or on any day other than a business day, will be credited on the next business day. We may also offer services in which you may pay your bill by telephone ("Pay by Phone") or through the Internet. We may charge fees for these services. Our customer service representatives are instructed to tell you about any fees for Pay by Phone services and any fee for making an online payment will be disclosed to you online. Credit to your Account may be delayed up to five days if payment (a) is not received at the Payment Address, (b) is not made in U.S. dollars drawn on a U.S. financial institution located in the U.S., (c) is not accompanied by the remittance coupon attached to your statement, (d) contains more than one payment or remittance coupon, (e) is not received in the remittance envelope provided or (f) includes staples, paper clips, tape, a folded check, or correspondence of any type. Conditional Payments: All written communications concerning disputed amounts, including any check or other payment instrument that (i) indicates that the payment constitutes "payment in full" or is tendered as full satisfaction of a disputed amount or (ii) is tendered with other conditions or limitations ("Disputed Payments"), must be mailed or delivered to us at P.O. Box 981403, El Paso, TX 79998-1403.

**Payment Allocation:** We reserve the right to select the method by which payments and credits are allocated to your Account in our sole discretion. The payment allocation method that we use may result in higher Finance Charges on your Account, depending on the types of transactions you make (such as promotional or non-promotional purchases), and the timing and amount of your payments. If you have questions about our allocation of your payments, or if your payments are not allocated to your promotional purchase in a manner you desire, please call customer service to see whether we can reallocate your payments based on another payment allocation option we offer.

**Credits To Your Account:** An amount followed by a minus (-) sign is a credit or credit balance unless otherwise indicated. Credits will be applied to your previous balance immediately upon receipt, but will not satisfy any required payment that may be due.

**Telephone Monitoring:** To ensure that you receive accurate and courteous customer service, your telephone calls with us may be monitored by our employees or agents and you agree to the monitoring.

**Credit Reports and Account Information:** If you believe that we have reported inaccurate information about you to a consumer reporting agency, please contact us at P.O. Box 981402, El Paso, TX 79998-1402. In doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please include a copy of that report. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer reporting agency if you fail to fulfill the terms of this Agreement.

**Use of Information About You and Your Account:** Our Privacy Policy describes our collection and disclosure of information about you and your Account. If you would like another copy of the Privacy Policy, please call us at the customer service telephone number indicated on the front of this statement.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Credit Bureau Reporting:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Purchases, returns, and payments** made just prior to billing date may not appear until next month's statement. Unless promotions call for special terms, additional finance charges can be avoided if we receive the new balance by 5:00 p.m. (ET) on the due date. We reserve the right to obtain payment electronically by any check or other instrument that you send to us by initiating an ACH (electronic) debit in the amount of your check or instrument to your account. Your check or instrument will not be returned to you by us or your bank. Your bank account may be debited as early as the same day we receive your payment. You may choose not to have your payment collected electronically by sending your payment (with the payment stub), in your own envelope - not the enclosed window envelope - addressed to: GEMB, P.O. Box 530945, Atlanta, GA, 30353-0946 and not the Payment Address.

**Information About Finance Charges:** Return check fees, late payment fees and insurance premiums, if applicable, are not included in the balance subject to finance charge for Methods A, B, C and D. Return check fees and late payment fees (but not insurance premiums) are included in the balance subject to finance charge for Method E.

**A.** The balance subject to finance charge is your average daily balance. To get this balance, we first determine the daily balances for the billing period by taking that opening balance each day which includes any unpaid finance charges, subtracting any payments and credits, and adding any new purchases. We then add all the daily balances and divide this total by the number of days in the period, which gives us your average daily balance. However, there will be no balance subject to finance charge for a billing period if there is no previous balance on your account for the billing period or the sum of your payments and credits on your account during the billing period is at least equal to the previous balance. Any average daily balance of less than zero will be treated as zero.

**B.** The same as Method A, except unpaid finance charges are not included in the beginning balance.

**C.** The same as Method A, except new purchases are not included in the daily balance.

**D.** The same as Method C, except unpaid finance charges are not included in the beginning balance.

**E.** The same as Method A, except that each day we multiply the daily balance by the daily periodic rate to obtain a finance charge for that day, and add it to the daily balance. This gives us the day's closing balance, and will be the opening balance for the following day.

At the end of the billing period, we add up the daily finance charges to get the total periodic finance charge for the billing period. You can determine this finance charge by applying the daily periodic rate to the balance subject to finance charge multiplied by the number of days in the billing period. Any daily balance of less than zero will be treated as zero.

Balance Type on the face of this statement refers to the following payment method:

R = Regular Charge; M = Major Purchase Charge; C = Commercial

You can request to receive statements in Spanish by calling customer service number at 1-800-542-0800.

Your account is owned and serviced by GE Money Bank (Consumer Accounts) and General Electric Capital Corporation (Commercial Accounts). For complete terms and conditions of your account, consult your Credit Card Agreement.

**Bankruptcy Notice:** If you file bankruptcy you must send us notice, including account number and all information related to the proceeding to the following address, GE Money Bank, Attn: Bankruptcy Dept., P.O. Box 103104, Roswell, GA 30076.

**Hearing Impaired**
TDD users call 1-800-444-1732.

06/30/2009  17:32    304-252-8122         GREEN1 ABRAM                    PAGE   05/14

P.O.  BOX 8113
MASON, OH 45040

REF/ACCT# XXXXXXXXXXXX2110
May 5, 2009

Esther V Abrams                          000551
504 Pinewood Dr
Beckley, WV 25801-2411

Dear Esther V Abrams:

We are writing to let you know that your Macy's Options Visa credit limit has been
reduced.  Your new limit will appear on your next VISA statement.  This limit decrease
only applies to purchases made outside of our store and does not apply to purchases made
within our store.

Our credit decision was based in whole or in part on information obtained in a report
from the consumer reporting agency listed below.  The consumer reporting agency did not
make this decision and is unable to give you specific reasons why we took this action.
Under the Fair Credit Reporting Act you have the right to obtain a free copy of your file
at the consumer reporting agency within 60 days after your receipt of this letter
and you also have the right to dispute the accuracy or completeness of any such
information by contacting the consumer reporting agency at:

EQUIFAX CREDIT INFO SERVICES
P O BOX 740241
ATLANTA, GA
1(800)685-1111

The factor(s) which most significantly affected our decision is (are) as follows:

Serious Delinquency
Time Since Delinquency Is Too Recent Or Unknown
Low Rate Of Payment On Account
Low Rate Of Payment On Balance

We value you as a customer and look forward to continuing to meet your shopping needs.
Please contact us at 1-866-282-0962 if any of your information has changed and we would
be happy to re-evaluate your credit limit.



06/30/2009  17:32    304-252-8122              GREEN1 ABRAM              PAGE  13/14

P. O. Box 8051
Mason, OH 45040

REF/ACCT# XXXXXXXXXXXXX2110
June 04, 2009

ESTHER V ABRAMS
504 PINEWOOD DR                              000019
BECKLEY WV 25801

Dear Customer:

With regret, we are unable to reissue a Macy's Options Visa account
to you.

Our credit decision was based in whole or in part on information obtained in a
report from the consumer reporting agency listed below. The consumer reporting
agency did not make this decision and is unable to give you the specific reasons why
we took this action. Under the Fair Credit Reporting Act you have the right to obtain
a free copy of your file at the consumer reporting agency within 60 days after your
receipt of this letter and you also have the right to dispute the accuracy or
completeness of any such information by contacting the consumer reporting agency at:

EXPERIAN CONSUMER ASSISTANCE
P.O. BOX 2002
ALLEN, TX 75013-0036
(888) 397-3742

The factor(s) which most significantly affected our decision is(are) as follows:

-Serious delinquency
-Length of time since last delinquency is too recent or unknown

If any information is changed, we would appreciate the opportunity to re-evaluate
your needs.

Sincerely,

Macy's Options Visa Service Center



The Macy's Options Visa card is issued by Department Stores
National Bank.

Please see the important disclosure for Department Stores National Bank on the reverse.

11/24/2010 WED 11:53  FAX 3043441955                                            Ø002

IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA

ESTHER VIOLA ABRAMS, Individually,
and on behalf of all others similarly situated,

      Plaintiff,

v.

                                  CIVIL ACTION NO.: 10-C-1145
                                  Honorable Louis H. Bloom

JC PENNEY CREDIT SERVICES, INC.,
a Delaware Corporation, GENERAL ELECTRIC
COMPANY, INC., a New York Corporation,
and NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

      Defendants.

## AGREED ORDER ON
## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT
## AND MOTION TO DISMISS DEFENDANTS, JC PENNEY CREDIT SERVICES, INC.
## AND GENERAL ELECTRIC COMPANY, INC.

Before the Court is Plaintiff's Motion for Leave to File First Amended Class Action

Complaint and Motion to Dismiss Defendants, JC Penney Credit Services, Inc. and General

Electric Company, Inc.. For good cause shown, it is hereby ORDERED and ADJUDGED that

Plaintiff's Motion is GRANTED and that Plaintiff's First Amended Class Action Complaint shall

be deemed filed upon entry of this Order and Defendants JC Penney Credit Services, Inc.

and General Electric Company, Inc. are hereby dismissed from this action.

The Clerk is directed to send certified copies of this Order to all counsel of record.

Entered this _24_ day of _Nov_ 2010.

_____
Honorable Louis H. Bloom

11/29/10

Certified copies sent to:
counsel of record
parties
other _D. Thomas_
By: _____
_____
Deputy Circuit Clerk

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
_____ DAY OF _____
_____
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA   CLERK

Prepared by:

Harry F. Bell, Jr., Esq. (WV Bar No. 297)
Jonathan W. Price, Esq. (WV Bar No. 10868)
**The Bell Law Firm, PLLC**
30 Capitol Street
P.O. Box 1723
Charleston, WV 25326-1723
*Counsel for Plaintiffs*

Approved by:

Michael Alltmont, Esq. - Sessions, Fishman, Nathan, + Israel LLC
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002-7227
*Counsel for Defendant NCO Financial Systems, Inc.*

David B. Thomas, Esq.
Allen, Guthrie & Thomas, PLLC
Laidley Tower, Suite 800
500 Lee Street, East
P.O. Box 3394
Charleston, WV 25333-3394
*Counsel for Defendant General Electric Company, Inc.*

2